**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES SECURITIES**
**AND EXCHANGE COMMISSION,**

      **Plaintiff,**

              **v.**                  **Case No: 12-12109**
                                       **Honorable Victoria A. Roberts**

**KWAME M. KILPATRICK,**
**JEFFREY W. BEASLEY,**
**CHAUNCEY C. MAYFIELD, and**
**MAYFIELDGENTRY REALTY**
**ADVISORS LLC**

      **Defendants.**
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIMS

**I.    INTRODUCTION**

Before the Court is Chauncey C. Mayfield's ("Mayfield") motion to dismiss (Doc. #17) which is joined by MayfieldGentry Realty Advisors LLC ("MGRA") (Doc. #16) (collectively "Defendants").

The United States Securities Exchange Commission (the "SEC") filed an action alleging five counts of securities fraud on two City of Detroit pension funds, in violation of § 17(a)(1), (2) and (3) of the Securities Act, § 10b-5(a), (b), and (c) of the Exchange Act, and § 206(1) and (2) of the Investment Advisers Act. Counts I through IV are against these Defendants. The clerk of court entered a default against Kwame M. Kilpatrick ("Kilpatrick") and Jeffrey Beasley ("Beasley"). Defendants argue the SEC has

1

not properly pled: (1) a deceptive act, (2) materiality of facts or (3) that Mayfield is an investment advisor. The matter is fully briefed and ready for decision.

The Court **DENIES** Defendants' motion.

## II.   STANDARD OF REVIEW

Dismissal under Fed. R. Civ. P. 12(b)(6) is warranted "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief." *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008). The court treats all well-pleaded allegations in the complaint as true. *Id.* However, to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff must include in the complaint enough facts which "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2010).

## III.   ANALYSIS

To establish violations of the anti-fraud provisions at issue here, "the SEC must show that the defendants engaged in (1) misrepresentations or omissions of material facts (2) made in connection with the offer, sale or purchase of securities (3) with scienter on the part of the defendants." *S.E.C. v. George*, 426 F.3d 786, 792 (6th Cir. 2005) (*citing Ernst & Ernst v. Hochfelder*, 425 U.S. 185 (1976).

Scienter is "a mental state embracing intent to deceive, manipulate, or defraud." Hochfleder, 425 U.S. at 193. Scienter may be established by proof of recklessness. *Mansbach v. Prescott, Ball & Turben*, 598 F.2d 1017, 1025 (6th Cir.1979).

2

Recklessness is "highly unreasonable conduct which is an extreme departure from the standards of ordinary care." *Id.* at 1025.  A fact is material if a substantial likelihood exists that a reasonable investor would: (1) consider the fact important in making his investment decision and (2) view the information as having significantly altered the total mix of information. *Basic, Inc. v. Levinson*, 485 U.S. 224, 231-32 (1988).

The Complaint says Mayfield is the CEO and majority owner of MGRA.  MGRA managed assets of the General Retirement and the Police and Fire Retirement Systems of the City of Detroit (together, the "Pension Funds") through Mayfield.  The Pension Funds were MGRA's largest source of income. The SEC alleges that Mayfield proposed that the Pension Funds invest $115 million in MGRA.  Kilpatrick and Beasley were voting trustees of the Pension Funds.  The Complaint alleges that Kilpatrick and Beasley solicited - and Defendants eagerly provided - undisclosed gifts.  The SEC says they allegedly made these gifts because they were seeking approval from the trustees of the funds for over $15 million in investments.

These allegations - which the Court accepts as true - are sufficient to plead that Defendants engaged in a scheme to provide Kilpatrick and Beasley with secret gifts to secure the Pension Funds' purchase of $115 million shares from them.  *See Twombly*, 550 U.S. at 556 (noting "that stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest" the claim).  At the time, Kilpatrick was Mayor and Beasley was Treasurer of the City of Detroit.  The SEC alleges these gifts were not disclosed to the other members of the Pension Funds, and that a reasonable investor would consider the gifts material.  If, after the close of discovery, Defendants can show that the gifts were innocent and immaterial, they will be entitled to judgment as a matter

3

of law on these counts. *See* Fed. R. Civ. P. 56(a).

The Investment Advisers Act prohibits schemes to defraud a client.  15 U. S.C. §
§ 80b-6(1) and (2).  Under this Act, an investment adviser is "any person who, for
compensation, engages in the business of advising others, either directly or through
publications or writings, as to the value of securities or as to the advisability of investing
in, purchasing, or selling securities." 15 U.S.C. § 80b-2. The Complaint says Mayfield
attended meetings of the Pension Funds, advised members to purchase shares of
MGRA, and received compensation based on that advice. His status as an investment
advisor is sufficiently pled.

Because the Investment Advisers Act and anti-fraud provisions are similar, courts
have held that proving a violation of one regulation can show a violation of the other
regulations. *S.E.C. v. Young*, No. 09-1634, 2011 WL 1376045, at *7 (E.D.Pa., Apr.12,
2011) ("Facts showing a violation of Section 17(a) or 10(b) by an investment adviser will
also support a showing of a Section 206 violation.")*(citing SEC v. Blavin*, 557 F.Supp.
1304, 1315 (E.D.Mich.1983)).

Defendants' Motion to Dismiss is **DENIED.**

**IT IS ORDERED.**

　　  /s/ Victoria A. Roberts　　　　　
Victoria A. Roberts
United States District Judge

Dated:  October 11, 2012

4

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 11, 2012.

 /s/ Linda Vertriest
Deputy Clerk